26 F.3d 138
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Malcolm HAYES, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 94-3063.
 United States Court of Appeals, Federal Circuit.
 April 13, 1994.
 
 Before RICH, CLEVENGER, and RADER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Petitioner, Malcolm Hayes (Hayes), seeks review of the October 27, 1993, order of the Merit Systems Petition Board (MSPB or Board), Docket No. PH752B930052-I-1, denying his request to reopen the Administrative Judge's (AJ) decision which remains the final decision in this matter. We affirm.
 
 DISCUSSION
 
 2
 Mr. Hayes was removed from his position on March 12, 1974, based on three allegations of misconduct. On August 29, 1974, Hayes' attorney submitted a letter to the Civil Service Commission (CSC)[1] requesting that Hayes be allowed to file an untimely appeal. The CSC denied this request. Between 1974 and 1993, Hayes has filed several appeals and petitions regarding the timeliness issue. These include a petition to the U.S. Court of Claims (1980), U.S. District Court for the Eastern District of Pennsylvania (1983 and 1984), and the current proceedings with the MSPB initiated in 1992.
 
 
 3
 We have recognized that the MSPB has broad discretion in deciding whether or not to waive the regulatory time limit for filing an appeal and that, in such cases, this court will not substitute its own judgment for that of the MSPB. Mendoza v. Merit Systems Protection Board, 966 F.2d 650, 653 (Fed.Cir.1992) (in banc ).
 
 
 4
 The MSPB considered Hayes' timely request to reopen and reconsider the decision of the Philadelphia Regional Office issued February 9, 1993, wherein the AJ reviewed the removal decision of the Department of the Navy. The AJ reviewed the file and afforded Hayes an opportunity to submit evidence and argument showing good cause for a waiver of the time limit. Hayes submitted several documents; his case was evaluated again. The AJ concluded that Hayes was clearly given proper notice of his appeal rights and the time limit for filing. Furthermore, the AJ found that Hayes has not established good cause for waiver.
 
 
 5
 This court may not address Hayes' underlying claim under 5 U.S.C. Sec. 7513 as "our authority is limited to a review of the Board's decision." Rowe v. Merit Systems Protection Board, 802 F.2d 434, 437 (Fed.Cir.1986).
 
 
 6
 We must affirm decisions of the Board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). The Board properly reviewed the AJ's decision and applied the correct review standards whereby Hayes was required to, but failed to, submit written evidence or argument that would meet the regulatory requirements of 5 C.F.R. Secs. 772.310 and 772.312 (1978).
 
 
 
 [1]
 This appeal arose prior to the enactment of the Civil Service Reform Act of 1978 (CSRA), therefore the board applied the review standards established by its predecessor, the CSC